L.G. "Pat" HICKMAN and Paul Frazier, Appellants,

v.

TOSCO CORPORATION, The Administrative Committee of the Tosco Corporation Pension Plan; (John Drosdick, Erick Schwartz, and James Cleary), Appellees.

No. 87–1330.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1987.

Decided Feb. 24, 1988.

John D. Lightfoot, El Dorado, Ark., for appellants.

Deborah Crandall, Los Angeles, Cal., for appellees.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

L.G. "Pat" Hickman and Paul Frazier appeal from a final judgment entered in the District Court [1] for the Western District of Arkansas dismissing their complaint for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6). *Hickman v. Tosco Corp.*, No. 86–1132 (W.D.Ark. Feb. 9, 1987). Appellants alleged that the Tosco Corp. (Tosco), the Administrative Committee of the Tosco Corp. Pension Plan and three individual members of the Administrative Committee, John Drosdick, Erick Schwartz and James Cleary (collectively referred to as appellees), violated certain sections of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, by refusing to "bridge" [2] their periods

---

1. The Honorable Oren Harris, United States Senior District Judge for the Western District of Arkansas.

2. "Bridging" permits an employee to technically remain on the payroll until he or she reaches age 55 and is eligible for full retirement benefits. Bridging can be accomplished in several ways, for example, by placing the employee on

of employment until they reached the age of 55 and, as a result, denying them "full" early retirement benefits.

For reversal, appellants argue the district court erred in dismissing their complaint for failure to state a claim. Appellants argue that their complaint sufficiently alleged that the administrative committee was administering the pension plan in an arbitrary and discriminatory manner by granting "full" early retirement benefits to some employees but not to others. Appellants also argue that Tosco's refusal to "bridge" their periods of employment until they reached age 55 was a breach of its duty as a plan fiduciary under ERISA. For the reasons discussed below, we affirm the judgment of the district court.

Appellants were employed as full-time salaried employees at Tosco's El Dorado refinery. On April 30, 1985, Tosco sold the refinery and terminated appellants. At the time of termination each appellant was 54 years old.[3] As former Tosco employees, appellants are participants in the Tosco Corp. pension plan, which is administered by the administration committee. Under the terms of the pension plan, participants with 30 years of service who are 55 years old at the time of termination are entitled to *"full"* early retirement benefits. However, participants with 30 years of service who are terminated before the age of 55 are entitled only to *"reduced"* early retirement benefits. Because appellants were terminated before the age of 55, the administrative committee determined that they were entitled to receive only "reduced" early retirement benefits. Each appellant asked appellees to "bridge" his period of employment until he reached the age of 55 so that he would be entitled to receive "full" early retirement benefits. Appellees refused to do so.

Appellants then filed this action in federal district court, pursuant to ERISA § 502, 29 U.S.C. § 1132, asserting that appellees routinely "bridged" other salaried employees who were terminated less than one year before reaching age 55 and that this practice was a matter of common knowledge among Tosco employees. Appellants alleged that appellees' refusal to "bridge" their periods of employment was arbitrary, capricious, an abuse of discretion, in bad faith, discriminatory, and a breach of appellees' fiduciary duty to appellants as participants in the pension plan, in violation of certain ERISA provisions. Appellants sought injunctive relief and attorney's fees and costs. Appellees filed a Rule 12(b)(6) motion to dismiss for failure to state a claim.

The district court dismissed the complaint with prejudice for failure to state a claim. Noting that appellants had themselves stated in their complaint that, under the terms of the pension plan, they were not entitled to "full" early retirement benefits, the district court held that the decision of the administrative committee to deny appellants' request for "full" early retirement benefits was not arbitrary, capricious or an abuse of discretion. Slip op. at 4. The district court also held that Tosco's refusal to "bridge" appellants' employment to age 55 was an employment decision and not a fiduciary decision subject to ERISA. *Id.* at 7. This appeal followed.

Rule 12(b)(6) dismissals are not favored. "In appraising the sufficiency of the complaint we follow ... the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). "A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations." *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). In the present case, we

---

a leave of absence or by spreading out the employee's severance and vacation payments over an extended period of time.

**3.** It was undisputed that Hickman had at least 30 years of service. According to appellees, Frazier had less than 30 years of service upon termination.

agree with the district court that appellants were not entitled to relief as a matter of law.

■ Appellants first challenge the decision of the administrative committee to deny them "full" early retirement benefits. Appellants receive "reduced" early retirement benefits. "Federal courts may overturn a decision of private pension fund fiduciaries only if the decision is arbitrary, capricious or an abuse of discretion." *Lawrence v. Westerhaus*, 780 F.2d 1321, 1322 (8th Cir.1985); *see also Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 627 F.2d 820, 823–24 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). "[B]enefit determinations cannot be arbitrary and capricious as a matter of law if those decisions contain no element of discretion.... [A]n administrator who strictly adheres to the lawful terms of an employee benefit plan may not be found to have acted arbitrarily and capriciously." *Foltz v. U.S. News & World Report, Inc.*, 613 F.Supp. 634, 639 (D.D.C.1985).

Under the terms of the pension plan, entitlement to either "full" or "reduced" early retirement benefits was not subject to the discretion of the administrative committee. As noted by the district court, appellants acknowledged in their complaint that, according to the strict terms of the pension plan and associated administrative documents, they were not entitled to "full" early retirement benefits because they were terminated before the age of 55. Appellants also acknowledged that "bridging" was not within the express provisions of the pension plan. Because the denial of "full" early retirement benefits to appellants was in strict compliance with the terms of the pension plan, the decision of the administrative committee was not arbitrary, capricious or an abuse of discretion as a matter of law. *See Moehle v. NL Industries, Inc.*, 646 F.Supp. 769, 777 (E.D. Mo.1986) *(Moehle )*.

■ Appellants next argue that Tosco's refusal to "bridge" their periods of employment until they reached age 55, when they would have been entitled to receive "full"

early retirement benefits, was a breach of its duty as a plan fiduciary under ERISA. In essence, appellants argue that Tosco as plan fiduciary had a fiduciary duty under ERISA to maximize appellants' pension benefits by "bridging" their periods of employment. We disagree.

Tosco is a fiduciary within the meaning of ERISA, and thus subject to the fiduciary standard of care, because it appoints and removes the members of the administrative committee that administers the pension plan. ERISA § 404 ("prudent" person standard of care), 29 U.S.C. § 1104; *see, e.g., Moehle*, 646 F.Supp. at 778, *citing Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559, 570–72, 105 S.Ct. 2833, 2840–41, 86 L.Ed.2d 447 (1985). However, "the ERISA scheme envisions that employers will act in a dual capacity as both fiduciary to the plan and as employer. ERISA does not prohibit an employer from acting in accordance with its interests as employer when not administering the plan or investing its assets." *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1471 (11th Cir.1986) *(Phillips )*, *aff'g* 614 F.Supp. 694, 716–17 (N.D.Ala.1985), *cert. denied*, ——— U.S. ———, 107 S.Ct. 1893, 95 L.Ed.2d 500 (1987). ERISA does not require that "day-to-day corporate business transactions, which may have a collateral effect on prospective, contingent employee benefits, be performed solely in the interest of plan participants." *Phillips*, 614 F.Supp. at 718, *citing Sutton v. Weirton Steel Division of National Steel Corp.*, 567 F.Supp. 1184, 1200–01 (N.D.W.Va.), *aff'd*, 724 F.2d 406, 411 (4th Cir.1983), *cert. denied*, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984). *Accord NLRB v. Amax Coal Co.*, 453 U.S. 322, 333–34, 101 S.Ct. 2789, 2796–97, 69 L.Ed.2d 672 (1981); *Amato v. Western Union International, Inc.*, 773 F.2d 1402, 1416 (2d Cir.1985), *cert. dismissed*, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986); *Dhayer v. Weirton Steel Division of National Steel Corp.*, 571 F.Supp. 316, 328–29 (N.D.W.Va.), *aff'd sub nom. Sutton v. Weirton Steel Division of National Steel Corp.*, 724 F.2d 406, 411 (4th

Cir.1983), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984); *Moehle,* 646 F.Supp. at 779.

We agree with the district court that appellants' attack on Tosco's refusal to "bridge" their periods of employment is an attack on Tosco's actions as an employer and not as a plan fiduciary. Tosco's decisions to terminate appellants rather than carry them on the payroll were employment decisions that did not directly affect the administration of the pension plan or the investment of its assets. *See Moehle,* 646 F.Supp. at 778–80 (employer's refusal to place plaintiffs on layoff status after plant closing in order to maximize their pension benefits held employment decision); *cf. Phillips,* 614 F.Supp. at 716–17 (benefits for early retirement, rather than normal retirement, must be actuarially reduced per ERISA § 206, 29 U.S.C. § 1056). For this reason, Tosco's refusal to "bridge" is not subject to ERISA's fiduciary standard of care.

Accordingly, the judgment of the district court is affirmed.