L.E. BAUMGARDNER, Donald C. Dunkle, W. Jack Jeffrey, Vernon A. Closser, W.E. Meadows, Jr., and William Halley, Plaintiffs,

v.

INCO ALLOYS INTERNATIONAL, INC., Bankers Trust Company, Inco Limited, the Board of Administration for Retirement Savings Plan of Inco Limited and Subsidiaries, Defendants.

Civ. A. No. 3:89–0560.

United States District Court,
S.D. West Virginia,
Huntington Division.

Sept. 13, 1990.

**624**

Donald R. Capper, Proctorville, Ohio, for plaintiffs.

John E. Jenkins, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the Defendants' motion for summary judgment pursuant to *Rule* 56(c), Federal Rules of Civil Procedure. The Court grants in part the Defendants' motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits on file, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Rule* 56(c), Federal Rules of Civil Procedure. The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). However, once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.

### Facts

Inco International, Inc., a wholly owned subsidiary of Inco Limited, is in the business of producing and manufacturing nickel based alloy products. Inco Limited sponsors a retirement plan of Inco Limited and subsidiaries which provides benefits for qualified employees of Inco. Bankers Trust Company is the trustee of the plan and the plan is administered by the Board of Administration for Retirement Savings Plans of Inco Limited and subsidiaries.

The Plaintiffs are all retired employees of Inco. In early 1987, each Plaintiff retired under Inco's early service pension program which provides that employees who have accumulated ten years of service may retire on an early service pension the first of any month following their 55th birthday. Prior to May 15, 1987, each Plaintiff had executed an application for retirement, completed his last day worked, and left the active service of Inco on pre-retirement leave.

On May 15, 1987, Inco announced an enhanced voluntary retirement program. The eligibility requirements of the enhanced voluntary retirement program stated "only salaried employees, not on pre-retirement leave, who are not elected officers of the company, and who are, or would be

by 12/31/87, entitled to an immediate, undiscounted service pension are eligible." Exhibit C, Defendants' motion for summary judgment.

The Plaintiffs brought this action claiming that Inco unlawfully discriminated against them when they were not permitted to participate in the Enhanced Voluntary Retirement Plan (EVRP). The Plaintiffs brought this action alleging that they were unlawfully excluded from the EVRP in violation of the Age Discrimination in Employment Act (ADEA), that they were unlawfully deprived of benefits in violation of the Employee Retirement Income Security Act (ERISA), and that they are entitled to benefits under an implied or express contract with the Defendants.

### Age Discrimination in Employment Act

■ The Defendants argue that the Plaintiffs failed to meet their burden of establishing a *prima facie* case under the ADEA. To maintain an action, the Plaintiffs must establish that they (a) are employees covered by the ADEA; (b) have suffered an unfavorable employment action by an employer covered by the ADEA; (c) under circumstances in which the employees' age was a determining factor in the action such that "but for" their employer's motive to discriminate against them because of their age they would not have suffered the action. *Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230 (4th Cir.1982). The Plaintiffs assert that the May 19, 1990, finding of probable cause by the Equal Employment Opportunity Commission is sufficient to preclude summary judgment. In its probable cause finding, the EEOC found that the denial of the Plaintiffs' request to rescind their retirement applications made their retirement involuntary. In *Goldberg v. B. Green and Co., Inc.*, 836 F.2d 845 (4th Cir.1988), the effect of probable cause findings by the EEOC was addressed. Goldberg brought an action under the ADEA and sought to establish an inference of age discrimination through the probable cause findings of the EEOC. The court rejected Goldberg's assertion that the probable cause finding by the Commission

established evidence sufficient to survive summary judgment. The court found that the "commissioner's report merely repeats facts which Goldberg himself alleges elsewhere in this case, and then states in conclusory fashion that those facts reflect age discrimination." The court concluded that "[s]uch findings, standing alone, are not enough to salvage Goldberg's claim." *Id.* at 848.

The probable cause finding of the EEOC simply restates Baumgardner's assertions in this action. Applying the principle of *Goldberg, supra,* the probable cause findings are simply not sufficient to establish a genuine issue of material fact as to Baumgardner's claim under the ADEA.

It is well settled that separation from employment pursuant to an early retirement plan does not constitute age discrimination. *Gray v. New England Telephone and Telegraph Co.*, 792 F.2d 251 (1st Cir. 1986); *Henn v. National Geographic Society*, 819 F.2d 824 (7th Cir.), *cert. denied,* 484 U.S. 964, 108 S.Ct. 454, 98 L.Ed.2d 394 (1987); *Coburn v. Pan American World Airways, Inc.*, 711 F.2d 339 (D.C.Cir.1983), *cert. denied,* 464 U.S. 994, 104 S.Ct. 488, 78 L.Ed.2d 683 (1983). The Plaintiffs failed to produce any evidence that their separation from employment pursuant to the early retirement plan was based on age discrimination.

Moreover, the Plaintiffs failed to establish that their age was a factor in not being permitted to rescind their application for retirement. The "but for" requirement as set forth in *Lovelace v. Sherwin–Williams, supra,* has not been met by the Plaintiffs. The Plaintiffs failed to establish a *prima facie* case under the ADEA and accordingly, the Court grants the Defendants' motion for summary judgment as to Plaintiffs' claims under the Age Discrimination in Employment Act.

### Employee Retirement Income Security Act

■ The Plaintiffs have made several claims against the Defendants based upon the Employee Retirement Income Security

Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* The Plaintiffs contend that the "preretirement" leave was actually accrued vacation time making them "active" employees at the time the enhanced voluntary retirement program was offered. The Plaintiffs assert a right to reenter active employment such that they can retire under the EVRP, and that the right to reenter the work force is protected under ERISA.

The Defendants move the Court for summary judgment on this claim since it is not the purpose of ERISA to permit already retired employees to return to employment to qualify for new retirement benefits. Rather, the purpose of ERISA is to protect those retirement benefits that have already accrued. *Stanton v. Gulf Oil Corp.,* 792 F.2d 432 (4th Cir.1986).

Preretirement leave is actually equivalent to retirement benefits to which a retired employee is entitled. Each of the Plaintiffs elected to retire and use their accrued vacation and sick leave days prior to the commencement of actual retirement benefits. The Plaintiffs have failed to demonstrate that this violates ERISA. The Defendant argues that the purpose of ERISA is to protect those retirement rights that have already accrued. *Stanton v. Gulf Oil Corp., supra.* The EVRP offered by the Defendants specifically excluded those persons who were on pre-retirement leave and could not be considered accrued benefits of the Plaintiffs. Therefore, the Plaintiffs cannot establish a violation of ERISA for the Defendants' refusal to let them return to active status then retire on the more favorable retirement plan.

■ Finally, the affidavit of L.E. Baumgardner indicates that the president of Inco International informed him within a few months prior to his retirement that there would be no further offerings of EVRPs. The affidavit of Plaintiff Paul Parker indicates that he was informed that if he retired, as he did, then he would remain eligible for any additional retirement benefits enacted prior to his effective retirement date. The Plaintiff asserts that these two affidavits raised a genuine issue of

material fact as to whether ERISA has been violated. The Court agrees.

ERISA provides that plan fiduciaries have certain obligations to participants in the plan. Specifically, 29 U.S.C. § 1104(a)(1), which governs fiduciary duties, provides in relevant part:

"[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) deferring reasonable expenses of administering the plan; and (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims ..."

■ The Defendants recognize that when an employer, such as Inco, acts as a plan fiduciary, it wears "two hats," and assumes fiduciary status only when it functions as a fiduciary and not when it is conducting business not regulated by ERISA. Under ERISA, purely business decisions by an ERISA employer are not governed by the fiduciary standards as set forth in 29 U.S.C. § 1104. *See Hickman v. Tosco Corp.,* 840 F.2d 564 (8th Cir.1988); *Trenton v. Scott Paper Co.,* 832 F.2d 806 (3rd Cir.1987), *cert. denied,* 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988); *Amato v. Western Union Int'l.,* 773 F.2d 1402 (2d Cir.1985), *cert. dismissed,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986); *Sutton v. Weirton Steel Division of Nat'l. Steel Corp.,* 567 F.Supp. 1184 (N.D.W.Va.), *affirmed,* 724 F.2d 406 (4th Cir.1983), *cert. denied,* 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984). Inco argues that its decision to reduce the level of current employees by offering them an enhanced voluntary retirement package, but not offering the same package to employees who had already retired, was not a violation of any fiduciary obligation under ERISA. Rather, Inco argues that this was purely a business decision in which no fiduciary standards apply. The decision of whether

to offer the enhanced voluntary retirement program obviously falls within the range of business decisions that Inco could make and no fiduciary duties attach. However, Inco is not permitted to materially mislead potential plan participants. *See Berlin v. Michigan Bell Telephone Co.,* 858 F.2d 1154 (6th Cir.1988). The Plaintiffs through the affidavits of L.E. Baumgardner and Paul Parker have raised a genuine issue of material fact as to whether Inco materially misled potential plan participants. A genuine issue of material fact exists as to whether Inco breached its fiduciary duty.

Inco was under a duty not to make misrepresentations, either negligently or intentionally, to potential plan participants concerning the EVRP. Genuine issues of material fact exist as to whether Inco made any material misrepresentations to the Plaintiffs knowing that an enhanced voluntary retirement program would be offered.

### Express or Implied Contract of Employment

The Plaintiffs allege that the retirement plan and EVRP furnished to Inco employees formed a contract. The Defendant argues that a retirement plan does not create an implied in fact contract of employment under West Virginia law. *Speelman v. Smith Transfer Corp.,* 790 F.2d 889 (4th Cir.1986). The Plaintiff does not cite any authority for its position and accordingly the Court grants the Defendants' motion for summary judgment and dismisses the Plaintiffs' claim based upon an implied or express contract of employment.

### Conclusion

Accordingly, the Court hereby ORDERS as follows:

1. That the Defendants' motion for summary judgment is granted as it pertains to the Age Discrimination in Employment Act and that the Plaintiffs' claim under this theory is dismissed;

2. That the Defendants' motion for summary judgment is partially granted as to the Plaintiffs' claim of a violation of the Employee Retirement Income Security Act. There exists a genuine issue of material fact under ERISA as to whether the Defendants materially misled the Plaintiffs when the Defendants knew that an additional enhanced voluntary retirement program would be offered;

3. That the Defendants' motion for summary judgment as it relates to a breach of contract is granted and the Plaintiffs' cause of action asserting a breach of contract is dismissed.