Robert M. ADAMS, Edward A. Alto, Paul O. Arnson, Allan L. DeCent, Donald J. Forte, Donald C. Foster, Louis T. Gambucci, Joseph L. Gilliland, Wayne M. Gunderson, Marlyn R. Grunwald, Melvin L. Halliday, George J. Hill, Leonard W. Hotakainen, Raymond R. Hotakainen, Mark D. Jackson, Walter E. Johnson, Robert J. Jorgenson, Robert Karolevitz, Daniel J. Kedrowski, Eugene F. Kedrowski, Robert A. Klune, Gary L. Kopp, John E. Kovatovich, Lawrence J. Lenk, Robert V. Magnuson, Clifford D. Mann, Carlyle J. Mathson, Leo L. Matteson, Milne C. Miltz, Donald T. Mogen, John V. Monson, Alden Monsrud, Dale K. Olson, Paul Palo, David E. Patrow, Eugene P. Peterson, Paul P. Plesha, Larry Powell, Norman T. Pratt, William A. Prout, Robert W. Pulkinen, Dwight F. Robison, Arnold M. Rudolph, Allan E. Scott, Wesley E. Shostedt, Leonard L. Souder, Leo J. Svir, David G. Swenson, Lawrence Tahija, Anthony R. Turk, Donald A. Tyssedal, Donald R. Veeder, Appellants,

v.

LTV STEEL MINING COMPANY, Ore Mining Companies Pension Plan and Pension Committee, Ore Mining Companies Pension Plan, Appellees.

No. 90–5102.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1990.

Decided June 13, 1991.

(LTV) and administered by the plan's pension committee (the committee). *See generally* Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461 (1988). Fifty-two former and current hourly LTV employees (the employees) appeal the district court's order granting summary judgment in favor of LTV, the plan, and the committee. Forty-four of the employees assert LTV and the committee violated ERISA by breaching their fiduciary duties and discriminating against the employees in administering the plan. These employees also assert LTV violated ERISA by amending the plan in practice. All the employees contend LTV violated ERISA when it formally amended the plan. We affirm.

The fifty-two employees are plan participants and members of the certified union. Forty-four of the employees applied for early retirement in 1987 under plan subsection 2.6(d), which allows a participant meeting certain age and years of service requirements to retire early if the participant "considers that it would be in [the participant's] interest to retire, and [LTV] considers that [the] retirement would likewise be in its interest and, by applying like rules in a non-discriminatory manner to like or similar circumstances, approves an application for retirement under mutually satisfactory conditions."

Before the employees applied, LTV had determined it was in the company's interest to allow early retirement under subsection 2.6(d) only if the early retirement would allow the company to reduce its work force permanently. Under this guideline, LTV allowed salaried employees to retire early because they were terminable at will and the company could permanently eliminate their positions. The collective bargaining agreement with the employees' union, however, prevented reductions of the hourly, unionized work force without the union's consent. In effect, LTV had adopted a policy of denying early retirement to all hourly employees under subsection 2.6(d)

Stanley Efron, Minneapolis, Minn., for appellants.

Raymond L. Erickson, Duluth, Minn., for appellees.

Before LAY, Chief Judge, FAGG, Circuit Judge, and WRIGHT,* District Judge.

FAGG, Circuit Judge.

This ERISA suit arises from the Ore Mining Companies Pension Plan (the plan) sponsored by LTV Steel Mining Company

---

* The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, sitting by designation.

of the plan, unless the union agreed to a corresponding permanent reduction in the number of hourly jobs. LTV informed the pension committee of this policy. Consequently, when the employees applied for early retirement, the pension committee denied their applications in writing, stating early retirement was not in the company's interest. Later, after Congress enacted the Retirement Equity Act of 1984, 29 U.S.C. § 1054(g)(2), LTV and the union agreed to amend the plan to eliminate subsection 2.6(d).

■ First, the forty-four employees argue LTV breached its fiduciary duties in denying them early retirement benefits under subsection 2.6(d). *See* 29 U.S.C. § 1104(a)(1). We disagree. The employees concede LTV acts in a dual capacity as both plan fiduciary and employer. Under the dual capacity doctrine, LTV can act " 'in accordance with its interests as employer when not administering the plan or investing its assets.' " *Hickman v. Tosco Corp.,* 840 F.2d 564, 566 (8th Cir.1988) (quoted case omitted). "Business decisions can still be made for business reasons, notwithstanding their collateral effect on prospective, contingent employee benefits." *Dzinglski v. Weirton Steel Corp.,* 875 F.2d 1075, 1079 (4th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 281, 107 L.Ed.2d 261 (1989). Here, LTV made a business decision that early retirement was not cost effective if the retiring employee had to be replaced. We conclude LTV acted as an employer, not a fiduciary, in deciding whether the employees' early retirements were in the company's interest. *See Berger v. Edgewater Steel Co.,* 911 F.2d 911, 918 (3d Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991); *Hickman,* 840 F.2d at 566–67. Thus, ERISA's fiduciary standards do not govern LTV's decision to deny the employees' applications. *Berger,* 911 F.2d at 919.

■ The forty-four employees also argue the committee breached its fiduciary duties in denying their applications. The pension committee, however, had no authority to override LTV's business decision. After LTV informed the committee that early retirement was not in the company's interest, the committee could only deny the employees' requests. *Berger,* 911 F.2d at 918–19. Applying the de novo standard of review, we conclude the committee did not breach its fiduciary duties in denying the employees' applications. *Id.; Dzinglski,* 875 F.2d at 1079.

■ Second, the forty-four employees argue LTV and the committee discriminated against them in violation of 29 U.S.C. § 1140 by allowing salaried employees, but not hourly employees, to retire early under subsection 2.6(d). To establish a prima facie case of discrimination under 29 U.S.C. § 1140, the employees must show: " '(1) prohibited ... conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee[s] may become entitled.' " *Berger,* 911 F.2d at 922 (quoted case omitted). The employees failed to show any purposeful interference on the part of LTV or the committee. Indeed, the record reflects LTV allowed hourly employees to retire early under subsection 2.6(d) when the retirement was accompanied by a permanent reduction in the work force. As the plan required, the committee followed LTV's determination that the employees' early retirement was not in LTV's interest. We thus conclude neither LTV nor the committee discriminated against the employees in violation of 29 U.S.C. § 1140.

■ Third, the forty-four employees argue LTV violated ERISA when it amended the plan in practice by adopting the policy of denying early retirement under subsection 2.6(d) unless the retirement was accompanied by a permanent reduction in the work force. We conclude this policy did not amend the plan. Instead, the policy was a guideline LTV used to decide whether early retirement was in LTV's interest. The plan's terms clearly allow LTV to make this decision.

■ A common theme pervades the employees' arguments up to this point. The employees basically complain subsection 2.6(d) is unfair because it allows LTV to decide unilaterally that early retirement is

not in the company's interest. *See Dzingl-ski,* 875 F.2d at 1078. Unfortunately for the employees, however, our role is to assure the plan is fairly administered, not to rewrite plan provisions. *Id.* In the absence of any showing of bad faith, we decline to deny LTV of its power to decide whether early retirement is in the company's interest. *See Berger,* 911 F.2d at 919; *Dzinglski,* 875 F.2d at 1079.

██ Finally, all fifty-two employees argue LTV violated 29 U.S.C. § 1054(g)(2)(B) by formally amending the plan to eliminate subsection 2.6(d), with the consent of the employees' union. An employer cannot decrease a participant's accrued benefit by amending a pension plan. 29 U.S.C. § 1054(g)(1). If a participant satisfies the preamendment conditions for a retirement-type subsidy, either before or after the amendment, the amendment is treated as reducing accrued benefits. *Id.* § 1054(g)(2)(B). In this case, the employees have not satisfied the preamendment condition that their early retirement be in LTV's interest. *See Berger,* 911 F.2d at 918. Thus, the amendment does not reduce accrued benefits in violation of 29 U.S.C. § 1054(g). *See Berger,* 911 F.2d at 918.

Accordingly, we affirm the district court.