# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2125

_____

Kathryn Schultz; Marlys E. Rezaian;    *
Katherine A. Cummins;    *
Connie L. Nelson,    *
   *
       Plaintiffs - Appellants,    *    Appeal from the United States
   *    District Court for the District
v.    *    of Nebraska.
   *
Windstream Communications, Inc.,    *
   *
       Defendant - Appellee.    *

_____

Submitted: March 10, 2010
Filed: April 5, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

       Appellants Kathryn D. Shultz, Maryls E. Rezaian, Katherine A. Cummins, and Connie L. Nelson sued their former employer, Windstream Communications, Inc., alleging that an amendment to its pension Plan violated the Employee Retirement Income Security Act of 1974 (ERISA), and federal and state age discrimination laws.

The district court[1] granted summary judgment for Windstream.  The former employees appeal.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

**I.**

On December 6, 2006, Windstream announced that 15 employees – including Appellants – would be laid off on April 13, 2007.  As of April 13, Shultz was 50 years old and had worked for Windstream for 28 years; Rezaian was 53 years old and  had worked for Windstream for 28 years; and Cummins was 52 years old and had worked for Windstream for 29 years.  Shultz, Rezaian, and Cummins were entitled to retirement benefits under the "Early Retirement-50/25" provision of the Plan.  Under the 50/25 provision, employees who, at the time of retirement (or here layoff), are at least 50 years old with at least 25 years of service, are eligible for a pension.  The 50/25 pension benefit is reduced by .5% for each month the employee is under age 55 at the end of service.

The Plan also included an "Early Retirement-30" benefit.  Under it, employees under the normal retirement age of 65, but with 30 years of service to the company, can retire and receive a full, unreduced pension.

Eight of the employees laid off on April 13, 2007, were not eligible for any benefits on the layoff date, although they were close.  Appellant Nelson was among these employees.  As of April 13, she was 49 years old and had worked for Windstream for 29 years. Windstream decided to amend the Plan to make these eight employees eligible for the first early-retirement benefit each would have qualified for if they had been allowed to work until December 31, 2008.

---

[1] The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska, sitting with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The "Proposal to Accelerate Pension Eligibility For Specified Plan Participants Nearing Retirement," dated December 20, 2006, was drafted by Robert R. Boyd, Vice-President of Benefits for Windstream, and a member of Windstream's Benefits Committee. Boyd submitted the proposed plan amendment to the Benefits Committee. By the authority of Windstream's Board of Directors, the Committee approved and adopted the Amendment with an effective date of January 12, 2007. The resolution was signed by the members of the Committee in February 2007, which authorized and directed Boyd to finalize and execute the Amendment. Although the Amendment became effective on January 12, 2007, it was not signed by Boyd until December 20, 2007. The Amendment did not address or modify the retirement benefits of Shultz, Rezaian, and Cummins.

The laid-off employees began receiving pension payments on May 1, 2007. Shultz, Rezaian, and Cummins received the Early Retirement-50/25 benefit under the pre-amendment version of the Plan. Had these three been presumed to work until December 31, 2008, they would have accumulated 30 years of service and thus received the Early Retirement-30 unreduced benefit. As for Nelson, she turned 50 after April 13, 2007. About three weeks after her birthday, she would have accumulated 30 years of service. Therefore, the first early retirement benefit that Nelson would have qualified for was the 50/25 benefit. However, if the Amendment had allowed her to recover benefits presuming service until December 31, 2008 (but not limiting her to the benefit she first became eligible for), Nelson would have received the unreduced Early Retirement-30. The other seven employees listed in the Amendment would have accumulated 30 years of service before reaching age 50 had they worked until December 31, 2008. Therefore, under the Amendment, these employees received unreduced pension benefits under Early Retirement-30.

Appellants claim that the Plan Amendment violated several provisions of ERISA, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Nebraska ADEA, Neb. Rev. Stat. § 48-1001. The district court granted Windstream's

motion for summary judgment on all claims. *See Schultz v. Windstream Communications, Inc.*, No. 08-3086, 2009 WL 1028175 (D. Neb. April 16, 2009).

## II.

A grant of summary judgment is reviewed de novo. *Hillery v. Metropolitan Life Ins. Co.*, 453 F.3d 1087, 1089 (8th Cir. 2006). Summary judgment is appropriate if the evidence, viewed most favorably to the nonmovant, shows no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. **Fed. R. Civ. P. 56(c)**.

### A.

Appellants argue Windstream violated the fiduciary duties owed to plan participants under 29 U.S.C. § 1104, by arbitrarily and capriciously reducing their retirement benefits, while giving full benefits to other employees. "Nothing in ERISA requires employers to establish employee benefits plans. Nor does ERISA mandate what kind of benefits employers must provide if they choose to have such a plan." *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996). Rather, ERISA seeks to ensure that, if an employer promises retirement benefits to employees, they will actually receive those benefits. "To increase the chances that employers will be able to honor their benefits commitments–that is, to guard against the possibility of bankrupt pension funds," ERISA imposes fiduciary duties when employers manage and deal in fund assets. *Id.*

Conversely, when employers adopt, modify, or terminate plans that provide pension benefits, "they do not act as fiduciaries, but are analogous to the settlors of a trust." *Id.* at 890 (internal citation omitted). *See also Anderson v. Resolution Trust Corp.*, 66 F.3d 956, 960 (8th Cir. 1995) ("An employer's decision to amend . . . an employee benefit plan is unconstrained by the fiduciary duties that ERISA imposes

on plan administration."); ***Hickman v. Tosco Corp***., 840 F.2d 564 (8th Cir. 1988) (holding defendant employer did not breach fiduciary duties by refusing to "bridge" retiring employees' periods of employment until they reached age 55 to make them eligible for early retirement when employees were terminated following sale of plant less than one year before they turned 55 even though defendant routinely "bridged" other salaried employees who were terminated less than one year before reaching age 55; decisions to terminate those employees rather than carry them on payroll did not affect administration of pension plan or investment of its assets).

Appellants rely on *Metropolitan Life Ins. Co. v. Glenn,*, which held that a reviewing court should consider the conflict of interest arising from the dual role of an entity as an ERISA plan administrator and as a payer of plan benefits, in determining whether the entity has abused its discretion in denying benefits. ***Metro. Life***, 128 S. Ct. 2343, 2346 (2008). *See also* ***Firestone Tire and Rubber Co. v. Bruch***, 489 U.S. 101, 115 (1989). *Metropolitan Life* involved the denial of benefits under a plan, not an amendment to a plan. It does not apply in this case where Appellants received the benefits that they were entitled to under the Plan.

Schultz, Rezaian, and Cummins were over 50 years of age with more than 25 years of service when their employment was terminated. Under the Plan, they were entitled to Early Retirement-50/25 benefits, which they are receiving. Under the Plan as amended, Nelson was made eligible for 50/25 early retirement benefits, which she is receiving. No facts support a claim that Windstream failed to pay benefits to Appellants in accordance with the terms of the Plan. Because "the act of amending a pension plan does not trigger ERISA's fiduciary provisions," ***Lockheed Corp.***, 517 U.S. at 891, the district court properly granted summary judgment on this claim.

**B.**

Appellants make several challenges to the validity of the Amendment, including that it lacked specificity, it was not reduced to writing until December 20, 2007, they did not receive proper notice of the Amendment, and it was not adopted with the proper authority. While the district court questioned whether the Appellants had standing to raise these issues, this court concludes they do not. To have standing, Appellants must suffer an actual harm by the loss of a legally protected interest; there must be a causal connection between the injury and the conduct complained of; and it must be likely that the injury will be "redressed by a favorable decision" by the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The Amendment did not alter the pension benefits owed to Schultz, Rezaian, and Cummins. Therefore, even if this court invalidated the Amendment based on these challenges to its validity, these Appellants would still receive benefits under the Early Retirement-50/25 provision. They have no standing to challenge how it was adopted because how it was adopted does not affect them. Nelson would not be eligible for early retirement at all if this court invalidated the Amendment. The Appellants have not shown that they would have been made eligible for the unreduced Early Retirement-30 benefit had the Amendment been more specific, reduced to writing earlier, given more notice, or signed by every member of the Board of Directors before their payments began.

**C.**

Appellants contend the Amendment discriminated against them on the basis of age because they were not allowed to accrue the service that younger employees were,

in violation of the ADEA and the Nebraska ADEA.[2] Under the ADEA, Appellants must show that Windstream's adoption of the Amendment was actually motivated by age.[3] *See, e.g., **King v. United States**,* 553 F.3d 1156, 1160 (8th Cir. 2009). Appellants' only evidence was 1) the dates of birth and years of service for Schultz, Resaian, and Cummins, 2) the date of birth and years of service for Nelson, 3) the dates of birth and years of service for the other seven employees listed in the Amendment; 4) the terms of the Plan, and the Amendment; and 5) the fact that Appellants received Early Retirement-50/25 benefits, rather than the Early Retirement-30 benefits received by the other seven employees listed in the Amendment.

The district court held that Appellants' claim was precluded by the Supreme Court's decision in *Kentucky Retirement Systems v. Equal Employment Opportunity Commission*, 128 S. Ct. 2361 (2008). In *Kentucky Retirement Systems*, the EEOC alleged that a provision of Kentucky's state-disability-retirement plan discriminated on the basis of age by excluding those employees above normal retirement age. Specifically, an employee was entitled to normal retirement with 20 years of service, or with five years of service and attaining age 55. However, if an employee became disabled before accumulating 20 years of service, or reaching age 55 with five years of service, Kentucky's plan imputed enough years of service to make the employee eligible for retirement. *Id.* at 2365. If an employee was already eligible for normal retirement when becoming disabled, however, no years were imputed toward the retirement benefit. *Id.* The Supreme Court held that Kentucky's plan did not violate the ADEA:

---

[2] Nebraska's age discrimination law is interpreted in conformity with the ADEA. ***Humphrey v. Neb. Pub. Power Dist.***, 503 N.W.2d 211, 217 (Neb. 1993).

[3] Appellants have not raised a disparate impact claim, which focuses on unjustified discriminatory results. *See **Smith v. City of Jackson***, 544 U.S. 228, 239-40 (2005).

> Where an employer adopts a pension plan that includes age as a factor, and that employer then treats employees differently based on pension status, a plaintiff, to state a disparate treatment claim under the ADEA, must adduce sufficient evidence to show that the differential treatment was "actually motivated" by age, not pension status.

*Id.* at 2370.

In this case, Appellants and the other seven employees specified in the Amendment had all worked for Windstream for at least 28 years. However, as the district court correctly noted, the seven younger employees began their jobs with Windstream at an earlier age than Appellants (before age 20). Therefore, under the Plan, unless they quit or their employment ended before they attained 30 years of service, they would become eligible for unreduced Early Retirement-30 benefits at a younger age than any of the Appellants, who each started working for Windstream after age 20. Therefore, the Early Retirement-30 benefit–which provides pensions based on longevity with the company, without reference to age–creates the difference in retirement benefits between the younger employees and Appellants.

The Plan, not the Amendment, distinguishes between the Early Retirement-50/25 and Early Retirement-30 benefits. The Amendment specifies those employees with more than 28 years of service who would not, without the Amendment, be eligible for any benefits. Just as in *Kentucky Retirement Systems*, Windstream imputed years of service to Nelson and the other specified employees to make them eligible for early retirement benefits (albeit that Nelson's first early retirement benefit was the reduced 50/25). Because Shultz, Resaian, and Cummins were already eligible for early retirement when laid off, no years were imputed in calculating their benefits. The employees' age was a factor in the benefit received only because the Plan includes age as a consideration when defining early retirement benefits, as permitted by the ADEA. *See* **29 U.S.C. § 623(l)(1)(A)(i)**. Therefore, the difference in the retirement benefit provided Appellants, as compared to the other seven employees, is

based on pension status. Appellants present no evidence that the differential treatment was actually motivated by age.

Appellants also claim that Windstream violated ERISA because their pension benefit accrual ceased, and they were excluded from participation in the Plan, because they attained the age of 50. *See* **29 U.S.C. § 1054(b)(1)(H)(i), § 1052(a)(2)**. However, Appellants' early retirement benefits were not reduced or discontinued because they reached a specified age, but rather because they were laid off. Had they not been laid off, their pension benefit accrual would have continued. Appellants do not attack their selection for layoff, stipulating that they were selected for neutral, non-discriminatory reasons. The district court properly dismissed Appellants' age discrimination claims.

## III.

The judgment of the district court is affirmed.

_____