# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3667

_____

American Red Cross, a not-for-profit    * 
corporation,    *
   *
        Appellant,    *    Appeal from the United States
   *    District Court for the
    v.    *    Western District of Missouri
   *
Community Blood Center of the Ozarks,    *    [TO BE PUBLISHED]
a not-for-profit corporation; St. John's    *
Regional Health Center, Springfield    *
Missouri, a not-for-profit corporation;    *
Lester E. Cox Medical Centers, a not-    *
for-profit corporation.    *
   *
        Appellees.    *

_____

Submitted: November 15, 2001

Filed: July 25, 2001
_____

Before WOLLMAN, Chief Judge, McMILLIAN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

The American Red Cross (ARC) appeals the district court's grants of summary judgment, orders, and final judgment in this case. We affirm in part and reverse in part, and remand for further proceedings.

## I.

During the mid-1990s, the ARC underwent its "transformation" program, which included a series of reforms for streamlining its operations. This resulted in more centralized decisionmaking in Washington, DC. These changes caused dissatisfaction among many people in the Greater Ozarks region of southwest Missouri. In September 1995, a group formed the Community Blood Center of the Ozarks (CBCO), as an alternative to the ARC blood bank. The CBCO was helped substantially by, among others, St. John's Regional Health Center (SJRHC).

When the CBCO was formed, ARC filed a civil action alleging a multitude of business torts and other claims. The ARC accused the defendants of forming the CBCO allegedly for the "purpose of destroying" ARC in the Greater Ozarks. The defendants argue the ARC's case is based on its belief that the mere formation of the CBCO as an alternative blood center tortiously interfered with ARC's monopoly on blood supplies in the Greater Ozarks. The district court granted partial summary judgment to the defendants, dismissing SJRHC from the case.

The district court then held what it called a one-day default hearing (CBCO stopped actively defending itself after the summary judgment stage). At the conclusion of the hearing, the district court awarded $3.5 million in damages to ARC for CBCO's misappropriation of ARC's blood donor lists. Otherwise, the court found that ARC had not made out a prima facie case on its other claims, and, in any event, that its proof of damages was not reliable. ARC appeals.

## II.

As in the proceedings below, ARC raises a litany of complaints, few of which merit much discussion. Of ARC's seven groups of alleged errors, two concern SJRHC and five concern CBCO. We will address the issues in that order.

A. Summary Judgment for SJRHC on Tortious Interference and Alter Ego Liability

ARC appeals the district court's grant of summary judgment to SJRHC on ARC's claims of tortious interference with business expectancies and alter ego liability. We review the grant of summary judgment *de novo*. Minnesota Ass'n of Nurse Anesthetists v. Unity Hosp., 208 F.3d 655, 659 (8th Cir. 2000).

On the claim of tortious interference with business expectancies, the district court found that ARC had failed to produce evidence sufficient to withstand summary judgment on two essential elements: (1) that SJRHC's actions induced a tortious breach in ARC's valid business relations; and (2) that SJRHC's actions were without justification. See Rice v. Hodapp, 919 S.W.2d 240, 245 (Mo. 1996). We agree. While SJRHC actively supported the formation of the CBCO, competitive conduct is not tortious simply because it happens to interfere with another party's contracts or expectancies. See Honigman v. Hunter Group, Inc., 733 S.W.2d 799, 807 (Mo. Ct. App. 1987). While ARC's brief is full of hyperbolic, often uncited allegations, ARC has failed to present a genuine dispute over whether SJRHC used any improper means in supporting CBCO. See Murray v. Ray, 862 S.W.2d 931, 935 (Mo. Ct. App. 1993). Morever, ARC ignores the abundant evidence showing SJRHC was justified in seeking an alternative to the ARC's dominance of the blood market. Missouri law requires the plaintiff to show the defendants acts were without justification, Franciso v. Kansas City Star Co., 629 S.W.2d 524, 529 (Mo. App. 1981). Given ARC has failed to come forward with admissible evidence sufficient to create a genuine dispute on these elements, ARC's claim cannot withstand summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986) (standard of review).

Similarly, on ARC's claim of alter ego liability, ARC failed to present admissible evidence sufficient to show SJRHC used any control it may have had over the CBCO for any improper or wrongful purpose. Again, the evidence shows that the CBCO was

formed for the legitimate purpose of ensuring local control over the blood service operations of the Ozarks and for seeking an alternative to the ARC. Neither reason forms a basis for finding alter ego liability. See Cmty. Title Co. v. Roosevelt Sav. & Loan Ass'n, 796 S.W.2d 369, 373 (Mo. 1990). Nor has ARC presented any admissible evidence to show SJRHC used CBCO for any other wrongful purpose, such as to avoid creditors or the laws of another state. See State on Inf. of McKittrick v. Koon, 201 S.W.2d 446, 455 (Mo. 1947). Accordingly, we affirm the grant of summary judgment to SJRHC in all respects.

### B. Summary Judgment Against CBCO

The district court granted partial summary judgment to the CBCO, which defended itself through the summary judgment stage. The district court denied CBCO's motion for summary judgment on ARC's claim of tortious interference with its valid expectancy in regard to its employees. But the district court entered summary judgment in favor of CBCO as to ARC's three additional claims that CBCO tortiously interfered with ARC's business expectancies in regard to its donors, volunteers, and customer base. The district court reached these three claims even though CBCO had never raised them in its motion for summary judgment. As the district court itself noted: "It is clear [CBCO] intends to only address the claims against it which allege that the employees left ARC for [CBCO] . . . ."

Reluctantly, we are forced to find reversible error on this issue. The district court in effect granted CBCO summary judgment *sua sponte*, because the three claims pertaining to tortious interference with donors, volunteers, and customers were never raised in CBCO's motion. However, a district court may not grant summary judgment *sua sponte* unless the non-movant has been notified and afforded an opportunity to

respond. See Walker v. Mo. Dep't of Corr., 138 F.3d 740, 742 (8th Cir. 1998).[1]  We understand the district court's frustration with CBCO's decision not to actively defend the case, and ARC's overlitigation of these proceedings.  Nevertheless, on these facts, the district court's *sua sponte* grant of summary judgment on issues not raised in the movant's motion for summary judgment constitutes reversible error.  See Williams v. City of St. Louis, 783 F.2d 114, 116 (8th Cir. 1986).  Accordingly, we reverse and remand on ARC's claim of tortious interference in regard to its donors, volunteers, and customer base.[2]

### C.     Claims Against CBCO and Default

The remaining claims were adjudicated by the district court following summary judgment.  We note at the outset the somewhat unusual proceedings in the district court.  CBCO defended itself through summary judgment.  However, on the morning of the one-day bench trial or "default hearing," CBCO's counsel withdrew pursuant to a confidential agreement with ARC.  Thereafter the district court conducted a one-day hearing, in which it considered the testimony of a handful of ARC's witnesses, including its damages expert.  While describing it as a "default hearing," the district court found in favor of the unrepresented CBCO on every claim but the misappropriation of ARC's blood donor list and for injunctive relief.  In the end, however, we find no reversible error on this record.

---

[1]Our decision should not be read as expressing disagreement with the district court's legal reasoning on these three claims.

[2]It appears that CBCO is in default.  On remand, the district court will have to determine whether to reinstitute its *sua sponte* summary judgment motion, affording ARC an appropriate opportunity to respond, or to proceed as if CBCO had defaulted.  We express no opinion as to the propriety of either course of action, as the issue was not fully briefed and is not squarely presented for our review.  We leave the resolution of this question to the district court.

First, we reject ARC's argument this case should be remanded because the district court purportedly did not issue sufficient findings of fact pursuant to Fed. R. Civ. P. 52(a). The district court explained its findings at the conclusion of the hearing in a manner adequate given the limited proceedings. Moreover, ARC did not object to the form of the district court's findings and did not take up the court's affirmative offer to render more detailed findings in writing. See Miller v. Bittner, 985 F.3d 935, 940 (8th Cir. 1993).

Second, we emphatically reject ARC's contention that the district court erred in its treatment of ARC's avalanche of stipulations. ARC submitted 645 requested stipulations of fact contained in some 83 pages of text and related to some 2,500 pages of exhibits. ARC took advantage of the fact that it lacked an adversary to verify each stipulation by moving to have entered the entire body of stipulations *en masse* at the hearing. The district court verbally granted the motion. Later the district court reversed itself, noting it never intended to render a blanket order on stipulations. The district court found that ARC's request to stipulate was "argumentative in many respects, irrelevant in many respects, submitted in bad faith and overly burdensome." We agree, and find no error.

While stipulations are binding, only "stipulations of fact *fairly entered into* are controlling and conclusive . . . ." Sims v. Wyrick, 743 F.2d 607, 610 (8th Cir. 1984) (emphasis added). We agree with the district court's finding that ARC's request was made in bad faith and was overly burdensome. A request to stipulate should not be used as a means of ambushing the district court. Given the unusual circumstances of these proceedings, we find no error.

Third, we find no reversible error on ARC's claim that the district court failed to accept its factual allegations after entry of default. It is true that the district court found in favor of the CBCO on the majority of the remaining claims, even though it

-6-

characterized CBCO as being in default. However, any possible error was harmless, see Fed. R. Civ. P. 61, because ARC failed to prove its various damages to a reasonable degree of certainty.

We have held that when a default judgment is entered on a claim for an "indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (citing Thomson v. Wooster, 114 U.S. 104, 111 (1885)). Regardless of whether ARC was entitled to an entry of default on liability, ARC still had the burden of proving its uncertain damages. The district court provided ARC with ample opportunity to prove its damages for each of its claims. The district court was openly skeptical of the testimony of ARC's damages expert and the expert's valuation methods. In addition, the expert failed to adequately separate out alleged damages due to legitimate competition. In the end, the court found that ARC's proof of damages was unreliable. The district court was not clearly erroneous, in finding ARC failed to prove its damages. See Downtowner/Passport Int'l Hotel Corp. v. Norlew, Inc., 841 F.2d 214, 218 (8th Cir.1988).

Because ARC did not prove its alleged damages, its remaining arguments concerning the district court's findings are moot. We have reviewed ARC's other assertions and allegations, complaints and contentions, and we find them all without merit. See 8th Cir. R. 47(B).

### III.

For those reasons, we reverse and remand the district court's order granting summary judgment on ARC's claim against CBCO for tortious interference with ARC's donors, volunteers, and customers. We affirm in all other respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.