**F I L E D**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

  v.

ALVIN D. CRAIGHEAD,

  Defendant-Appellant,

  and

LEAH CRAIGHEAD; AMERICAN
NATIONAL BANK OF
WOODWARD; JEWELL
IMPLEMENT COMPANY, INC.; JI
CASE COMPANY; WOODWARD
COUNTY TREASURER;
WOODWARD COUNTY BOARD OF
COUNTY COMMISSIONERS;
WAYNE RICHARD GUNWALL, as
Trustee of Blue Sage Trust,

  Defendants.

No. 05-6227
(D.C. No. CIV-96-1150-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and

(continued...)

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Appellant, Alvin D. Craighead, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(4) motion seeking to vacate a default judgment entered against him on the grounds that it was void for lack of jurisdiction. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

On July 18, 1996, the United States filed a complaint against Mr. Craighead (1) alleging that he defaulted on certain promissory notes, and (2) seeking foreclosure and judicial sale of property securing the notes. Attached to the complaint were copies of the notes and security documents in question. On May 2, 1997, the district court, in light of Mr. Craighead's failure to answer the complaint, took the factual allegations of the complaint as true and entered default judgment against Mr. Craighead.

Five years later, in response to a motion by the United States for production of documents by a third party in aid of the judgment, Mr. Craighead moved for the default judgment to be vacated for lack of jurisdiction because "there were no facts before the court in support of the United States' claims." R., Doc. 97 at 5. Mr. Craighead argued that "proof of claim requires at least one competent fact

*(...continued)
conditions of 10th Cir. R. 36.3.

-2-

witness testifying to documentary evidence properly authenticated" and that "the United States of America, in obtaining judgment in CIV-96-1150 [did not] proffer[] any authenticated evidence to which a competent fact witness testified to under oath . . . ." *Id.* The district court denied Mr. Craighead's motion and Mr. Craighead appealed.

On appeal, Mr. Craighead's main argument is that the United States did not properly show that it had standing to bring the case because "[f]or the lower court to have had standing, counsel purporting to represent the United States would have had to produce the original promissory note or notes upon which the claim was based." Aplt. Opening Br. at 5. He also argues that the failure to attach the original documents to the complaint showed that the security interests were not properly perfected. Mr. Craighead argues that:

> the record contains only the theories and conclusions of counsel purporting to represent the United States–no notes and no authenticated documents. This being the case, this court has actual knowledge that no judicial proceeding took place as judicial proceedings must first examine the question of standing. Clearly, counsel purporting to represent the United States failed to establish standing (WHICH CANNOT BE WAIVED AND IS PERHAPS THE MOST IMPORTANT ELEMENT OF SUBJECT MATTER JURISDICTION) bearing on this court the nondiscretionary duty to vacate all the judgments as facially void.

Aplt. Opening Br. at 7-8.

## Analysis

Under Rule 60(b)(4), a court may grant relief from a default judgment on the ground that the judgment was void. "A judgment is void . . . if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quotation omitted). "[C]onstitutional standing is necessary to the court's jurisdiction." *Robey v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1211 (10th Cir. 2006) (quotation omitted).

> Constitutional standing exists if the plaintiff: show[s] [that] (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 1210-11 (quotation omitted) (alterations in original).

The fatal flaw in Mr. Craighead's argument is that it rests on the faulty premise that the district court could not enter default judgment unless the government proved the factual allegations contained in its complaint. On the contrary, Mr. Craighead relieved the government of the burden of proving its factual allegations, including the allegations supporting constitutional standing, by failing to answer the complaint. "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.

1975); *see also Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002), for the same proposition); *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987), for the same proposition).

In *Nishimatsu Construction Co.*, the Fifth Circuit relied partly on the Supreme Court's holding in *Thomson v. Wooster*, 114 U.S. 104 (1885). 515 F.2d at 1206. As stated in a different case, this time out of the Second Circuit:

> The applicable principles are clearly implied from *Thomson v. Wooster* . . . where the court held that defendants who had defaulted in a patent infringement suit would not be permitted to show that the patent sued upon was invalid. Defendants had sought to introduce the original patent to show it differed from a reissued patent, which was the patent the plaintiffs sought to enforce. The court ruled that neither this proof nor evidence that defendants had delayed 14 years in seeking reissue were sufficient to defeat the contrary allegation of the validity of the patent contained in the complaint[ . . . .] We are instructed by *Wooster* that so long as the facts as painted by the complaint "might * * * have been the case" they may not now be successfully controverted . . . .

*Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 64 (2d Cir. 1971) (quoting *Thomson*, 114 U.S. at 114) (overruled on other grounds by *Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973)). In short, the time has passed for Mr. Craighead to claim that the facts were other than those alleged in the complaint.

Mr. Craighead argues in his reply brief that "[e]ven in a default judgment, damages must be proved." Aplt. Reply Br. at 5. As support for his argument he cites to *American Red Cross v. Community Blood Center Of The Ozarks*, 257 F.3d 859 (8th Cir. 2001). In that case the Eighth Circuit held that "when a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven in a supplemental hearing or proceeding." *Id.* at 864 (quotation omitted). The government, however, is correct in its concise and well-reasoned brief, where it notes that the claim for damages in this case was not indefinite or uncertain. Instead, once the facts regarding Mr. Craighead's liability on the notes were taken as true, all the court was required to do was calculate the amounts owed on the promissory notes and the interest. "'If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" Resp. Br. at 13 (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (3d ed. 1998)).

Mr. Craighead's remaining arguments on appeal are premised on Mr. Craighead's misconception that the district court granted summary judgment

against him and not default judgment. He argues that "the court below butchered the summary judgment standard." Aplt. Opening Br. at 8. As summary judgment is not an issue in this case, and as his remaining arguments are rife with personal attacks on government counsel and the district court judge, they neither require nor will receive further attention.

Consequently, the judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge