# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1766

_____

Jean King,                              *
                                        *
            Appellant,                  *
                                        *    Appeal from the United States
      v.                                *    District Court for the
                                        *    Northern District of Iowa.
United States of America; Tom           *
Vilsack,[1] Secretary of the United     *
States Department of Agriculture, in    *
his official capacity,                  *
                                        *
            Appellees.                  *


_____

Submitted: October 16, 2008
Filed: January 29, 2009

_____

Before GRUENDER, BEAM and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Jean King appeals from the district court's judgment in favor of the appellees on her age discrimination claims under the Iowa Civil Rights Act ("ICRA"), Iowa

---

[1]Tom Vilsack became Secretary of the United States Department of Agriculture on January 20, 2009, and is automatically substituted as appellee under Federal Rule of Appellate Procedure 43(c)(2).

Code §§ 216.1 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*[2] For the reasons discussed below, we remand for further proceedings.

## I. BACKGROUND

In January 2005, the United States Department of Agriculture ("USDA") announced a position opening for a "single family housing specialist" in the rural development section of its office in Le Mars, Iowa. Several people applied for the specialist position, including employees Jean King and Catherine Evans. At the time, King was fifty-four years old and Evans was twenty-five years old. The selection committee for the specialist position consisted of Director Dr. Daniel Brown, Regional Director David Dunfee, Program Specialist Tim Helmbrecht, and Human Resources Manager Denise Toney.

After the application deadline had passed, Toney reviewed the applications. She first rejected those applicants who did not meet the basic eligibility requirement of a four-year college degree or one year of specialized service. Toney then ranked the remaining applicants using a "KSA" (knowledge, skills and abilities) process and forwarded the files of the top six applicants, including King and Evans, to the selection committee. Brown and Dunfee then conducted phone interviews with the six candidates, and following the interviews, the entire committee met and determined that King and Evans were the top two candidates. On March 4, 2005, the committee unanimously agreed to offer the specialist position to Evans based upon her undergraduate and graduate degrees, experience working in a bank, "go-getter" attitude, computer skills, and familiarity with the rural development section's loan-

---

[2]Because King does not provide any argument in her briefs regarding her claim under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, she is deemed to have waived this issue on appeal. *See Fair v. Norris*, 480 F.3d 865, 869 (8th Cir. 2007).

writing process. Thereafter, King sued the USDA, alleging that the USDA discriminated against her because of her age when it selected Evans for the specialist position.

At the bench trial, King elicited testimony from fellow rural development section employees regarding statements allegedly made by selection committee members that King claims are direct evidence of age discrimination. First, Karen Triplett testified that in April 2003, Brown told her he wanted to bring "educated, young blood" into the USDA. Second, Kimberly Clay and Sonia Pierce testified that in February 2004, Dunfee told them he had just hired a "young, skinny blonde" with a master's degree. Third, Cherie Byrum testified that at a work party in September or October 2004, Brown told her and two other employees that the "has-beens need to listen to the newbies." Fourth, Triplett testified that at a retirement party in March or April 2005, she and Dunfee discussed the strained relations in the Le Mars office and Brown's philosophy of hiring younger, educated people.

King also presented indirect evidence that she alleged was sufficient to establish a prima facie case of age discrimination and to demonstrate that the USDA's proffered non-discriminatory reasons for selecting Evans instead of King were pretexts for discrimination. King's evidence that the USDA's reasons were pretextual included testimony that purported to show that: (1) Brown and Dunfee made statements that exhibited their preference for younger employees; (2) Evans lacked the qualifications cited by the USDA in its non-discriminatory reasons; (3) King's qualifications were superior to those of Evans; (4) the selection process was procedurally different for King and Evans because their interview questions differed; and (5) there was an atmosphere of discrimination against older employees in the rural development section.

In its case-in-chief, the USDA elicited testimony from members of the selection committee to demonstrate that age was not a consideration in the committee's

decision. The committee members detailed the selection process for the specialist position and their legitimate, non-discriminatory reasons for choosing Evans.

After the conclusion of the bench trial, the district court issued its written decision and entered judgment in favor of the USDA. The court found that the three statements made by Brown and Dunfee to Triplett, Clay, Pierce and Byrum during 2003 and 2004 were not direct evidence because they did not demonstrate a specific link between the alleged discriminatory animus and the committee's decision to select Evans rather than King. The court did not mention the fourth piece of allegedly direct evidence, Dunfee's statement to Triplett in March or April 2005 at a retirement party concerning Brown's philosophy of hiring younger, educated people. However, the court did note:

> statements made after the hiring decision was implemented, explaining why the decision maker chose one candidate over another, may be relevant. For example, had Dr. Brown made a statement after Ms. Evans was given the job that he did not hire the plaintiff because she was over the age of 40, which there is no evidence that he did, but that surely would be relevant to the Court's determination here.

Regarding the indirect evidence, the court found that King established a prima facie case of age discrimination; that the USDA proffered legitimate, non-discriminatory reasons for the employment decision; and that King did not prove that the USDA's reasons were pretexts for age discrimination. The court again did not discuss Triplett's testimony about Dunfee's statement at a retirement party in March or April 2005 in its analysis of the indirect evidence.

King appeals the district court's judgment. She argues that the district court erred in holding that the four statements by Brown and Dunfee did not constitute direct evidence of age discrimination. Additionally, King claims that the district court erred in analyzing her indirect evidence of discrimination insofar as it accepted the

USDA's proffered legitimate, non-discriminatory reasons for the committee's decision and rejected her assertion that those reasons were pretextual.

## II.    DISCUSSION

Following a bench trial, "we review the trial court's factual findings for clear error and its legal conclusions de novo." *Richardson v. Sugg*, 448 F.3d 1046, 1052 (8th Cir. 2006). "This court reviews the district court's ultimate finding of discrimination for clear error, giving due regard to the opportunity of the district court to judge the credibility of the witnesses." *Ledbetter v. Alltel Corporate Servs., Inc.*, 437 F.3d 717, 722 (8th Cir. 2006).

Under the ADEA, employers are forbidden from taking adverse employment actions against employees because of their age. *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 876 (8th Cir. 2008) (citing 29 U.S.C. § 623(a)(1)).[3] A plaintiff may establish her claim of intentional age discrimination through either direct evidence or indirect evidence. *Ward v. Int'l Paper Co.*, 509 F.3d 457, 460 (8th Cir. 2007). Where the plaintiff presents direct evidence of discrimination, the court analyzes her claim under the mixed-motives framework established in *Price Waterhouse v. Hopkins*, 490 U.S. 228, 278-79 (1989) (O'Connor, J., concurring). *Schierhoff v. GlaxoSmithKline Consumer Healthcare, L.P.*, 444 F.3d 961, 965 (8th Cir. 2006). Alternatively, where the plaintiff presents indirect evidence of discrimination, the court analyzes her claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1042 (8th Cir. 2007).

### A. Direct Evidence

"Direct evidence is evidence showing a specific link between the alleged

---

[3]Because the same analysis applies to age discrimination claims under the ADEA and the ICRA, we do not separately discuss King's claim under the ICRA. *See Christensen v. Titan Distribution, Inc.*, 481 F.3d 1085, 1095 n.4 (8th Cir. 2007).

discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Ramlet v. E.F. Johnson Co.*, 507 F.3d 1149, 1152 (8th Cir. 2007) (internal quotation and alteration omitted). We have held that "'stray remarks in the workplace,' 'statements by nondecisionmakers,'" and 'statements by decisionmakers unrelated to the decisional process' do not constitute direct evidence." *Schierhoff*, 444 F.3d at 966 (quoting *Radabaugh v. Zip Feed Mills, Inc.*, 997 F.2d 444, 449 (8th Cir. 1993)); *see also Price Waterhouse*, 490 U.S. at 277 (O'Connor, J., concurring). Direct evidence, however, "may include 'evidence of actions or remarks of the employer that reflect a discriminatory attitude,' 'comments which demonstrate a discriminatory animus in the decisional process,' or comments 'uttered by individuals closely involved in employment decisions.'" *King v. Hardesty*, 517 F.3d 1049, 1058 (8th Cir. 2008) (quoting *Beshears v. Asbill*, 930 F.2d 1348, 1354 (8th Cir. 1991)).

King bases her direct evidence claim on the four statements made by Brown and Dunfee between 2003 and 2005, which she alleges show a specific link between the committee's discriminatory animus and its choice of Evans for the specialist position. We agree with the district court that the first three of these four statements, those made during 2003 and 2004, are not direct evidence of discrimination because they do not establish a specific link between the alleged animus and the committee's March 4, 2005 decision to select Evans rather than King. Brown and Dunfee made these statements months before the USDA announced the specialist position vacancy and months before Evans was selected. *See Ramlet*, 507 F.3d at 1153 (holding that comments made more than four months prior to the adverse employment action were not connected to the decision making process and therefore were not direct evidence). Because these comments did not relate to the committee's selection process, we agree with the district court's finding that they are statements by decisionmakers unrelated to the decisional process itself and do not constitute direct evidence. *See Schierhoff*, 444 F.3d at 966.

We cannot, however, determine whether the last of these four statements, Dunfee's alleged statement to Triplett at a retirement party in March or April 2005, is direct evidence of age discrimination because the district court failed to make a factual finding about whether Triplett's testimony about Dunfee's alleged statement was credible, and if so, whether the statement specifically pertained to the selection committee's March 4, 2005 decision to select Evans. Because this was a bench trial, the district court was required to "find the facts specially and state separately its conclusions of law." *Darst-Webbe Tenant Ass'n Bd. v. St. Louis Hous. Auth.*, 339 F.3d 702, 711 (8th Cir. 2003) (quoting Fed. R. Civ. P. 52(a)). Although we recognize that a district court need not specifically decide each and every disputed fact, *see American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859, 863 (8th Cir. 2001), the court must provide sufficient findings of fact to "enable us to review its decision," *Cody v. Hillard*, 139 F.3d 1197, 1200 (8th Cir. 1998); *see also Duffie v. Deere & Co.*, 111 F.3d 70, 73 (8th Cir. 1997). Furthermore, "[w]e may not make these findings of fact or exercise discretion in the district court's stead." *Cody*, 139 F.3d at 1200. *But see Boatmen's First Nat'l Bank of Kan. City v. Kan. Pub. Employees Ret. Sys.*, 57 F.3d 638, 640 n.5 (8th Cir. 1995) (holding that we may proceed with our review in the absence of complete fact findings where "the record itself sufficiently informs the court of the basis for the trial court's decision on the material issues" (internal quotation omitted)).

At trial, Karen Triplett gave the following testimony concerning the alleged statement by Dunfee, a member of the selection committee, at a retirement party in March or April 2005:

| King's Counsel: | Okay. And can you tell me during that course of time [at the retirement party], did you speak to Mr. Dunfee at all about the situation in Le Mars? |
|---|---|
| Triplett: | Yes, I did. Because I knew, from my understanding, it had been a strained relationship over there and |

-7-

stuff. And I approached him and I said I heard that through the hirings and everything, it was kind of strained in the Le Mars agency over there.

King's Counsel: And how did Mr. Dunfee respond?

Triplett: He told me that he was doing what was expected of the area directors—well, they were district directors at the time. He was doing what was expected of them because it was Dr. Dan's philosophy to hire younger[,] educated people to fill our positions.

. . . .

USDA's Counsel: Okay. And Mr. Dunfee basically, offhand remark at a cocktail party, says Mr. Brown's philosophy, because he was from education, was to hire young[,] educated people, correct?

Triplett: Yes, he did.

The district court did not mention Triplett's testimony regarding Dunfee's statement at the retirement party in the recitation of its findings of fact or in its analysis of King's alleged direct evidence. The court's omission of this statement stands in stark contrast to its thorough recitation and analysis of the other three statements by Brown and Dunfee alleged by King to be direct evidence. The court's omission is particularly significant because the court noted that it would have found any "statements made after the hiring decision was implemented, explaining why the decision maker chose one candidate over another" to be relevant if such evidence had been presented. At least one reasonable interpretation of Triplett's testimony, if accepted as true, fits the court's criterion because it shows that Dunfee's statement in March or April 2005 was made shortly after the selection committee's March 4, 2005 decision and it arguably demonstrated discriminatory animus in the decision making process.

Because our de novo review is hindered without a finding of fact from the district court concerning Triplett's testimony about Dunfee's statement, we conclude that we must remand to allow the district court to make the requisite finding in the first instance. *See Cody*, 139 F.3d at 1200 ("[W]e may remand . . . for findings and conclusions if our review would be hindered without them."). We do not attempt to find this material fact ourselves based on our review of the record because the district court was in a better position to assess the credibility and context of Triplett's testimony. *See Boatmen's First Nat'l Bank of Kan. City*, 57 F.3d at 640 n.5.

## B. Indirect Evidence

Under the *McDonnell Douglas* burden-shifting framework, once a plaintiff establishes a prima facie case of discrimination, the "burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason" for its employment action. *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 934 (8th Cir. 2006). The burden then shifts back to the plaintiff to "demonstrate by a preponderance of the evidence that the stated non-discriminatory rationale was a mere pretext for discrimination." *Id.* at 435. Because both parties stipulate that King established a prima facie case of age discrimination, we need only review the district court's decision as to the validity of the USDA's proffered legitimate, non-discriminatory reasons and whether its reasons were pretexts for age discrimination.

King argues that the district court clearly erred in finding that the USDA articulated legitimate, non-discriminatory reasons for selecting Evans for the specialist position. We disagree. At trial, the USDA produced testimony from selection committee members showing that the committee chose Evans based on her communication and computer skills, positive attitude, familiarity with the rural development section's loan-writing process, and her undergraduate and graduate degrees. The district court accepted this testimony as credible and found that the USDA had articulated legitimate, non-discriminatory reasons for selecting Evans over

King. Although King produced trial testimony that conflicted with the USDA's evidence, we may not choose between two permissible views of the evidence; our review of this issue is for clear error only. *See Richardson*, 448 F.3d at 1052. Because substantial evidence supports a finding that the USDA articulated legitimate, non-discriminatory reasons under *McDonnell Douglas*, we find that the district court did not clearly err.

King also argues that the district court clearly erred in finding that the USDA's non-discriminatory reasons were not pretexts for age discrimination. *See Rothmeier v. Inv. Advisers, Inc.*, 85 F.3d 1328, 1335 n.9 (8th Cir. 1996) ("After a bench trial, a trial court's finding of pretext-for-age-discrimination is reviewable for clear error."). We cannot, however, determine whether the court's finding was clearly erroneous because the district court failed to make a finding of fact concerning Triplett's testimony regarding Dunfee's alleged statement to her at a retirement party in March or April 2005. This statement is one of the statements that King alleged exhibited the committee's preference for younger employees and demonstrated pretext. Because the district court's finding on this fact could affect its consideration of the pretext issue, we conclude that our review is hindered and remand is appropriate. *See Cody*, 139 F.3d at 1200.

## III.    CONCLUSION

For the foregoing reasons, we remand for further proceedings not inconsistent with this opinion.

_____