RILEY, Chief Judge,
dissenting.
As the result of the panel majority’s decision, the United States will pay Gonzalez $813,000 in damages for delayed treatment of a broken ankle. These public funds will not reimburse Gonzalez for medical expenses, which the federal government already paid, nor wages lost. The sole purpose of the $813,000 is to compensate Gonzalez for the pain, suffering and mental anguish caused by the government’s negligent delay in diagnosing his prison softball game injuries. Because I believe “the award [is] clearly erroneous and plainly unjust,” Hysell v. Iowa Pub. Serv. Co., 534 F.2d 775, 787 (8th Cir.1976), I respectfully dissent.
The district court’s award consisted of two parts: (1) $285,000 to compensate for the pain, suffering and mental anguish Gonzalez experienced during the twenty-eight and one-half days his injury remained undiagnosed; and (2) $528,000 to compensate for the post-traumatic arthritis pain, suffering and mental anguish Gonzalez is likely to experience for the remainder of his life. Both calculations trouble me.
The $285,000 award for past pain and suffering is troublesome because it is significantly more than the $170,000 Gonzalez indicated was just compensation for this period of time.[3] In his demand for .damages, Gonzalez demanded “at least $10,000 *954 per day” in compensation for the five days from July 29 to August 2, and “at least $5,000 per day” for the next twenty-four days. The district court noted this variance in the amounts Gonzalez demanded, but decided $10,000 per day was appropriate for the entire period “[g]iven the gross negligence of the United States ... and its effect on [Gonzalez].”
But the degree of the government’s negligence should not affect the amount of the award because the FTCA does not permit punitive damages. See 28 U.S.C. § 2674. The actual effect the government’s negligence had on Gonzalez is thus the sole justification for awarding any damages throughout the time period at issue. Gonzalez admitted his pain was at its maximum during the five days immediately after his injury and thereafter diminished. As Gonzalez recognized in his demand, the daily award for pain, suffering and mental anguish likewise should diminish.
As the result of the district court’s decision, Gonzalez received $115,000 more than he suggested was reasonable, a 67% increase. If there exists a justification for such a result, the district court did not articulate that justification as required by Fed.R.Civ.P. 52(a)(1). See King v. United States, 553 F.3d 1156, 1161 (8th Cir.2009) (explaining Rule 52(a)(1) requires the district court to provide sufficient factual findings for our court to engage in meaningful review); Arpin v. United States, 521 F.3d 769, 776 (7th Cir.2008) (also explaining under Rule 52(a)(1), the district court must indicate its reasoning process connecting the evidence to the amount awarded). I would not affirm this unjustified portion of the award.
Even more troubling is the award of $528,000 for Gonzalez’s future pain and suffering, which purports to compensate Gonzalez $2,000 each month for the remainder of his life, estimated at twenty-two years.[4] The district court reasoned $2,000 per month was justified “[c]onsider-ing the nature, extent, and permanency of [Gonzalez’s] injury, and the pain and suffering and mental anguish reasonably certain to be experienced in the future.” Other than this conclusory statement, the district court provides no explanation or description of what pain and suffering and what mental anguish Gonzalez is likely to experience or why $2,000 per month is an appropriate amount. The figure, taken from Gonzalez’s demand for damages, appears to be “plucked out of the air, and ... cannot be squared with the duty of reasoned, articulate adjudication imposed by Rule 52(a).” Arpin, 521 F.3d at 776.
The district court also failed to distinguish the future pain, suffering and mental anguish Gonzalez is likely to experience as the result of the government’s delay in treatment from any pain, suffering and mental anguish caused by the fracture itself, for which the government bears no responsibility. I cannot determine if the district court distinguished between the two causes. Was all of Gonzalez’s future pain, suffering and mental anguish related to post-traumatic arthritis caused by the delay in treatment? Did the fracture itself cause any of this future suffering?
Finally, I do not believe the evidence supports a $528,000 award. Aside from Gonzalez’s subjective complaints made for this litigation, the only evidence I have found supporting the award are the affidavits and testimony of Dr. James Keever, who never treated Gonzalez, or even met Gonzalez, and whose hypothetical observations on the subject — formed before seeing *955 Gonzalez’s deposition — were general and non-specific to Gonzalez.
It is questionable whether such sparse evidence can support such a generous award under Arkansas law. See McGraw v. Jones, 367 Ark. 138, 238 S.W.3d 15, 21 (2006) (“Evidence of future pain and suffering and permanent disability must be established with reasonable certainty and must not be left up to speculation or conjecture.”). I am convinced $528,000 is unsupported on this record and overcompensates Gonzalez for any future pain, suffering or mental anguish he might experience as the result of post-traumatic arthritis of his ankle. See generally Thompson v. Amerada Hess Corp., No. 96-3265, 1998 WL 274260, at *7-8 (E.D.La. May 26, 1998) (remitting a jury award of $600,000 in non-economic damages to $300,000 for a plaintiff who suffered pain and suffering caused by a fractured tibia shaft and a fractured knee joint with subsequent surgery and complications related to the injuries, after not finding any “similar injuries where the general damages even come close to $600,000”).
For these reasons, I would not affirm the $813,000 award, which I believe is a “shocking” windfall to Gonzalez and results in a “plain injustice” to the United States taxpayers. I would vacate Gonzalez’s damage award and remand the case to the district court to enter a new judgment. See Hysell, 534 F.2d at 787-88.

. I recognize Gonzalez demanded an additional $2,170,000 for the ancillary mental anguish he claimed he suffered. The district court presumably found little or no merit in this aspect of Gonzalez’s request because the district court did not mention this demand nor cite it when announcing the award. Instead, the district court quoted and cited Gonzalez’s more specific demand for the physical pain, suffering and mental anguish linked to the time period at issue. My focus is upon these specific demands, in which Gonzalez identified amounts totaling $170,000 as "just compensation.”

. In all actuality, the lump-sum award will compensate Gonzalez more than $2,000 per month given the increased value of the award over time if Gonzalez prudently invests the money.